KEANE & MARLOWE, LLP
Attorneys for Plaintiff
197 Route 18 South, Ste. 3000
East Brunswick, N.J. 08816
(732) 951-8300
(732) 951-2005 - fax
Christopher P. Keane (CPK 4394)
Mary Ann C. Marlowe (MCM 0723)

300 Park Avenue, 17th Floor
New York, New York 10022
(212) 572-6210
(212) 572-6499 (fax)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

GALANA PETROLEUM LIMITED,         08 Civ. 9467 GBD
                                  ECF Case
            Plaintiff,

 -against-                        **VERIFIED COMPLAINT**

AAVANTI SHIPPING AND CHARTERING
LTD.,

            Defendant.

-----------------------------------------------------------x

       Plaintiff, GALANA PETROLEUM LIMITED (hereinafter "GALANA"), by its attorneys Keane & Marlowe, for its Verified Complaint against Defendant AAVANTI SHIPPING AND CHARTERING LTD. (hereinafter "AAVANTI") alleges upon information and belief as follows:

       1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the recovery of demurrage pursuant to a charter party involving the *M/T* NIPAYIA

1

(hereinafter "the Vessel") and as such, falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

  2. At all times material hereto, Plaintiff GALANA was and still is a business entity duly organized and existing under the laws of a foreign country with an address at Saffrey Square, Suite 205, Bank Lane, P.O. Box N-8188, Nassau, Bahamas.

  3. At all times material hereto, Defendant AAVANTI was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at Raffles Quay, #39-03 Hong Leong Building, Singapore 048581.

  4. On or about March 14, 2008, Plaintiff, in the capacity of disponent owner of the Vessel, entered into a voyage charter party with Defendant for the charter of the *MIT* NIPAYIA. A copy of the charter recap dated March 14, 2008 is attached hereto as Exhibit A.

  5. Pursuant to the charter party Plaintiff loaded a cargo of crude palm oil at the Port of Panjang, Indonesia during the period March 19th through March 25th, 2008.

  6. The cargo of crude palm oil was discharged at the port of Haldia, India during the period April 1st through April 5th 2008.

  7. The demurrage rate as set forth in the charter party was USD12,OOO per day pro rata. As the allowed laytime was exceeded, demurrage in the amount of USD34,499.09 was incurred and the amount is undisputed herein.

  8. In breach of the terms of the charter party, and despite due demand, Defendant has refused or otherwise failed to pay any portion of said amount which remains due and owing.

9. The charter party calls for arbitration in London and the application of English Law. Plaintiff instituted arbitration proceedings in London and has appointed David J. Aikman as its arbitrator who accepted said nomination on October 7th, 2008.

10. This action is brought to obtain security in favor of Plaintiff with respect to its claims against Defendant and in aid of collection proceedings.

11. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorneys' fees, arbitrators' fees, disbursements and interest are recoverable as part of Plaintiff's claim. Plaintiff is further entitled to obtain security for these additional sums.

12. Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London arbitration will be $25,000. Interest on its damages are estimated to be $5,804.17 (calculated at the rate of 5.32% (average of US LIBOR 3 month rate between March - September 2008 + 2.5%) for a period of 3 years, the estimated time for completion of the proceedings in London).

**Request for Rule B Relief**

13. Upon information and belief, and after due investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfer, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire of, belonging to, due or for the benefit of Defendant (collectively hereinafter, "ASSETS") at, moving through, or being transferred and/or wired to or from banking institutions or

such other garnishees who may be served with a copy of the Process of Attachment issued herein.

    14.  The total amount to be attached pursuant to the calculations set forth above is $65,303.26.

    WHEREFORE, Plaintiff GALANA prays:

a.     That process in due form of law according to the practice of this Court may issue against Defendant citing them to appear and answer the foregoing;

b.     That if Defendant cannot be found within this District pursuant to Supplemental Rule B, that all tangible or intangible property of Defendant up to and including $65,303.26 be restrained and attached, including, but not limited to, any cash, funds, escrow funds, credits, debts, wire transfer, electronic funds transfers, accounts, letters of credit, freight, sub-freights, charter hire and/or sub-charter hire of, belonging to, due or being transferred from or for the benefit of Defendant (collectively hereinafter, "ASSETS") at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.     That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including, but not limited to, an order compelling Defendants to arbitrate and/or

     for the recognition and enforcement of any award or judgment entered against the Defendant;

  d. That this Court retain jurisdiction over the matter for any subsequent enforcement action as may be necessary; and,

  e. For such other, further and different relief, as the Court may deem just and proper in the premises.

Dated: New York, New York
   November 5, 2008

         KEANE & MARLOWE LLP
         Attorneys for Plaintiff
         GALANA PETROLEUM LIMITED

        By: _____
         Christopher P. Keane (CPK 4344)
         Mary Ann C. Marlowe (MCM 0723)
         197 Route 18 South, Ste 3000
         East Brunswick, N.J. 08816
         (732) 951-8300

         300 Park Avenue - 17th Floor
         New York, New York 10022
         (212) 572-6210

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York )

   CHRISTOPHER P. KEANE, being duly sworn, deposes and says as follows:

   1. I am a partner with the firm of Keane & Marlowe LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

   2. The sources of my information and the grounds for my belief are communications,          and documentation provided by our client and/or by solicitors representing our client.

   3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

               _____
                Christopher P. Keane

Sworn to before me this
5th day of November 2008

_____
Notary Public
MARY ANN C. MARLOWE
NOTARY PUBLIC, STATE OF NEW YORK

2009

6

# Exhibit A

**From:** Graham Nash [mailto:Graham@ANGLOMARmME.CO.UK]
**Sent:** 14 March 2008 08:50
**To:** paul bramJey (E-mail)
**Cc:** Tankers
**Subject:** M.T " NIPAYIYA "/ AAVANTI - CLEAN FIX RECAP CP DTD 14 MARCH 2008

morning - we hve the following final recap

(chtrs hve declared 'panjang' afready - and simon is passing that forward right now ...

REF VARIOUS TELECON AND AS PER YOUR CONFIRMATION & AUTHORITY ; WE ARE PLEASED
TO RECAP TERMS BSS WCH CAPTIONED VESSEL IS CLEAN FIXED WITH CP DTD 14 MAR 2008

STRICTLY PRIVATE AND CONFIDENTIAL

| | |
|---|---|
| SUBS | ALL SUBJECTS LIFTED AND IN ORDER |
| *Ale* | AAVANTI SHIPPING AND CHARTERING LTD. SINGAPORE<br>16 Raffles Quay<br>#39-03<br>Hong Leong Building<br>Singapore 048581 |
| DISP OWS | GALANA PETROLEUM LTD. OF BAHAMAS |

- MT. NIPAYIYA - DESCRIPTION AS PER ATTACHED Q88
    panama flag
    bIt 1997
    sdwt 8741.83 rot on 7.514 mtrs
    loa 112 mtrs
    beam 19 mtrs
    epoxy coated tanks
    stainless steel coils

L3c LAB+Orthoxylene/normal paraffin+heavy white oil/lubes

Tbook not unacceptable to Shell / CDI / Exxon-Mobil / Chevtex

- FOR ONE (1) VOYAGE

- CARGO          MIN 7/800 MTS 5% MOLOO
                 1-2 GRADES CRUDE PALMOIL IN BULK WVNS

- LOAD           A)  1 SP/SB OUT OF BELAWAN/DUMAI/PASIR GUDANG/PORT KELANG OR
CHOPTION
                 B)  1 SP/SB PANJANG

- DISCH          1 SP/SB OUT OF MADRAS / VIZAG / KAKINADA / HALDIA IN Eel
                 1 SP!SB OUT OF COCHIN / MANGALORE / MUBAI /JNPT / KANDLA IN weI

- FRT            BBS 1/1 USD 46.50 PMT FOR weI DISCHARGING IF LOADING RANGE A)
                 BSS 1/1 USD 42.50 PMT FOR Eel DISCHARGING IF LOADING RANGE A)
                 BSS 1/1 USD 50.50 PMT FOR weI DISCHARGING IF LOADING RANGE B)
                 BSS 1/1 usn 45.50 PMT FOR Eel DISCHARGING IF LOADING RANGE B)

- LAYTIME         150 MTPH SHINe AT LOAD
                  100 MTPH SHINe AT DISCH

                  LAYTIME REVERSIBLE

- LAYCAN          17-23 MARCH 2008

- DEMURRAGE       usn 12000 PDPR

- FULL FREIGHT PAYABLE TO OWNERS WITHIN 4 (FOUR) BANKING DAYS AFTER COMPLETION OF LOADING AND RECEIPT OF OWNERS FREIGHT INVOICE VIA EMAIL.

- VSL TO MAINTAIN MAX LOADED TEMP 55DEG C

- CHRTRS NOMINATED AGENTS BOTH ENDS PROVIDED COMPTETIVE.

- VEGOIL c/p

- 2.5% ADDCOM + 2.5% BROK EACH TO INTEROCEAN, INDIA AND ANGLO MARITIME LONDON ON FRT/DEM.

- ANY TAXES AND OR DUES ON CARGOS AND OR FRT TO BE ON CHRTRS ACCOUNT AND TO BE SETTELD BY THEM DIRECTLY. ANY TAXES AND OR DUES ON VSL TO BE OWNERS ACCOUNT.

- FIRM LOADPORT TO BE DECLARED BY CHRTS 1200HRS LONDON TIME ON 14 MARCH 2008.

- DISPORT TO BE DECLARED PRIOR COMMENCEMENT OF LOADING

- DEMURRAGE TO BE PAID WITHIN 30DAYS AFTER COMPLETION OF DISCHARGE AGAINST OWNERS
   INVOICE PLUS SOF NOR AND COpy OF DOCUMENTS.

- ALL OTHER TERMS AND CONDITIONS AS MUTUALLY AGREED ATTACHED BETWEEN OWS AND CHRTS.

END RECAP

MANY THANKS FOR YOUR KIND SUPPORT IN CONCLUDING THIS FIXTURE SUCESSFULLY.

BRGDS